United States District Court
for the
Southern District of Florida

| Josefa Lopez Pena, Plaintiff | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 16-21376-Civ-Scola |
| Nancy A. Berryhill, Acting Commissioner of Social Security, Defendant | ) ) ) | |

## **<u>Order Adopting Magistrate's Report and Recommendation</u>**

This matter was referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a ruling on all pre-trial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. On May 8th, 2017, Judge Otazo-Reyes issued a Report and Recommendation, recommending that the Court grant Plaintiff Josefa Lopez Pena's motion for summary judgment (ECF No. 19), and that the Court deny the Defendant's motion for summary judgment (ECF No. 20). Neither party filed objections to this report. After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Otazo-Reyes's Report and Recommendation (ECF No. 25), **grants** Plaintiff Pena's motion for summary judgment (ECF No. 19), **denies** the Defendant's motion for summary judgment (ECF No. 20), and **remands** this case to the Commissioner for further proceedings in accordance with Judge Otazo-Reyes's Report and Recommendation.

A district-court judge need conduct a *de novo* review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. When no objections are made, a report a report may be adopted in full without conducting *de novo* review. *Id.* Nevertheless, the Court reviewed the filings, the applicable law, and the record, and finds that there is insufficient basis to support a determination that the administrative law judge (ALJ) followed appropriate legal principles in finding that Pena is not disabled and can perform jobs that exist in significant numbers in the national economy.

This court is bound to uphold the ALJ's findings "if they are supported by 'substantial evidence' and if there exists no other 'good cause' to remand." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Smith v. Heckler*, 707 F.2d 1284, 1285 (11th Cir. 1983). However, "no similar presumption of validity

attaches to the [ALJ's] conclusions of law, including the determination of proper standards to be applied when reviewing claims." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). Failure to apply the proper legal standard or to provide the court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal. *Id.*; *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

To qualify for supplemental security income, a claimant must be disabled—in other words, be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). "Physical or mental impairments include impairments that result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). Regulations issued by the Social Security Administration prescribe a five-step sequence to be followed in determining whether a claimant is entitled to supplemental security income. *See also McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). In assessing medical evidence, an ALJ is "required to state with particularity the weight [given to] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

Pena argued that the ALJ incorrectly found that Pena had performed past relevant work and improperly weighed the medical opinions of Pena's treating medical providers. (Report at 3, ECF No. 25; Pl.'s Mot. for Summ. J. at 11–20, ECF No. 19). First, the ALJ made a proper determination of past relevant work because Pena failed to show that her work experience is not substantial gainful activity. (Report at 15–16). *See also Barnes v. Sullivan.* 932 F.2d 1356, 1359 (11th Cir. 1991) ("[T]he claimant has the burden of showing that certain work experience is not past relevant work."). Second, the record articulates good cause for giving the treating physicians' opinions "no weight." (Report at 12–14); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) ("The opinion of a treating physician . . . must be given substantial or considerable weight unless 'good cause' is shown to the contrary.")(internal quotations and citation omitted).

Pena also argued that the ALJ failed to properly consider the medical opinion of a consultative examiner. (Report at 3, ECF No. 25; Pl.'s Mot. for Summ. J. at 20–22, ECF No. 19). The record shows that the ALJ did not make particular statements as to the weight attributed to the consultative examiner's medical opinion. (Report at 10–11, ECF No. 25; T. 59, ECF No. 15). "In the absence of such a statement, it is impossible for a reviewing court to determine

whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

For these reasons, and the reasons explained in Judge Otazo-Reyes's Report and Recommendation, it is **ordered and adjudged** that Judge Otazo-Reyes's Report and Recommendation (ECF No. 30) is **affirmed and adopted**, and that this case be **remanded** to the Commissioner in accordance with that Report and Recommendation.

**Done and ordered** in chambers, at Miami, Florida, on July 11, 2017.

_____
Robert N. Scola, Jr.
United States District Judge